PEOPLE *ex rel.* LORCH *v.* FRENCH *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* March 28, 1890.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMEN—APPEAL.

> The action of the police commissioners in dismissing a patrolman for leaving his post without being relieved, and in coming to the police station so intoxicated as to be unfit for duty, cannot be reviewed, where the evidence as to the intoxication is entirely uncontroverted.

*Certiorari* by Louis Lorch to review the action of Stephen B. French and others, as police commissioners of the city of New York, in dismissing the relator from the police force.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*John M. Tierney,* for relator. *John J. Delaney,* for respondents.

BARTLETT, J.   The relator was charged with neglect of duty and conduct unbecoming an officer in two particulars:   *First,* in leaving his post upon his tour of patrol duty on October 18, 1888, without being relieved; and, *secondly,* in being, when he came to the police station on that occasion, so much under the influence of liquor as to be unfit for duty.   The captain of the precinct to which the relator belonged, the sergeant and the roundsman, all testified that the relator was intoxicated when he came to the police station, and the captain and sergeant both expressed the opinion that he was so much under the influence of liquor as to be unfit for duty.   The relator, who was sworn in his own behalf, did not deny that he was drunk, and indeed made no reference whatever in his testimony to that part of the charge which related to intoxication.   He confined himself to an explanation of the fact that he left his post before being relieved.   He testified that when he was on the relieving point he saw an officer come along on a car, and, supposing that it was his relief, he went to the police station, and saw his relief there on the floor, at which he was so surprised that he could not answer the captain when the captain asked him what he was doing there.   It is clear enough that the respondents would not have dismissed and did not dismiss the relator from the police force because he left his post too early on this occasion.   If he had been sober, the fact that he came directly to the station-house would have been convincing evidence of the truthfulness of his explanation, to the effect that he had simply made a mistake.   But the evidence as to his intoxicated condition was not only sufficient in itself, but was entirely uncontroverted; and, under these circumstances, the determination of the board of police cannot be questioned.   The writ of *certiorari* must be dismissed, with costs.

All concur.